BRUNSON, Judge.
Defendant, Willie Brown, Jr. was tried before a judge and found guilty as charged of the second degree murder of one, Walter Dukes. He was sentenced to life imprisonment without benefit of probation, parole *344 or suspension of sentence as mandated by LSA-R.S. 14:30.1. On appeal, defendant relies on two assignments of error. FACTS
On the evening of Friday, December 21, 1984, Willie Brown, Jr. and Shyldonne Has-kins, his female companion,[1] checked into the El Camino Motel in Natchitoches, Louisiana. At approximately 7:00 P.M., they were assigned Room 120. In Room 121 was Mr. Walter Dukes, who was visiting the city for the holidays.
At approximately 8:00 P.M., the defendant first encountered Mr. Dukes when he knocked on defendant’s door and the two discussed going to buy liquor. The three persons left the motel on foot and returned with liquor and beer of which they consumed a portion while sitting together in Room 120, the defendant’s room. During this time it was agreed among them that Ms. Haskins would go out for hamburgers and drinks, which she did.
At the request of the defendant, and after some discussion between the two men, the content of which was disputed, Mr. Dukes returned to his room. When he reappeared in the defendant’s door a short time later, the defendant shot him twice without warning. Mr. Dukes walked back to his room and got onto his bed where he was later found dead. In the shooting, the defendant used a .25 calibre automatic pistol which he carried in his boots earlier during the evening.
At the trial sub judice, the judge found that while the three were together “Dukes became heavily intoxicated, and spoke in a belligerent and insulting manner, but ... did not become violent.” Too, he found that “when Dukes returned to Brown’s room for the last time he was unarmed and said nothing to [the defendant] before [the defendant] shot him.”
ASSIGNMENT OF ERROR NO. 1:
It is contended by this assignment that the judgment of guilty of second degree murder is contrary to the law and evidence in that the State did not prove beyond a reasonable doubt the existence of specific intent. However, it is clear to this court that the counsel for the appellant intends by this assignment to raise the issue of whether the State proved beyond reasonable doubt that the act of the defendant caused the death of Mr. Dukes. The brief of appellees also replies to this specific question. Thus, we now treat it as such.
At trial, it was stipulated by the parties that the defendant in fact shot the decedent on the evening of December 21, 1984, and that the weapon obtained by the authorities was the one used in the shooting incident. Too, it was stipulated that a bullet removed from the victim’s body was one fired from the weapon by the defendant.
This assignment centers on the fact that when the coroner, Dr. Charles Cook, who testified at trial, first visited the crime scene he found no objective evidence of foul play and drew the initial conclusion that the decedent had died of natural causes. It was not until Mr. Ed Ward, Jr., whom Dr. Cook had instructed to call him should anything unusual arise, contacted Dr. Cook concerning possible wounds on the body that he ordered an autopsy. Mr. Ward was employed by the funeral home to which the body of the decedent was taken. The autopsy performed was not a complete one in that it did not include removal and analysis of the decedent’s brain.
LSA-R.S. 15:271 establishes that once a defendant pleads not guilty, the State must prove each element of the crime beyond reasonable doubt for valid conviction. This now axiomatic proposition is bolstered by the holding of the United States Supreme Court in In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), in which the court first established that the Due Process Clause of the Fourteenth Amendment protects a defendant against conviction in a criminal case unless every fact necessary to constitute the crime is proved beyond reasonable doubt.
*345 In Jackson v. Virginia, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979) the court summarized as follows:
“In short, Winship presupposes as an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof — defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense.” (Emphasis added).
The Court in Jackson opined that the critical inquiry on review of the sufficiency of evidence to support a criminal conviction must be to determine whether the record evidence could reasonably support a finding of guilt beyond reasonable doubt. However, it is what the court wrote as to that determination that is crucial here. It is at Id. at 318-19, 99 S.Ct. at 2788-89, as follows:
“... But this inquiry does not require a court to ‘ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.’ Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder’s role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon ‘jury’ [or trier of fact] discretion only to the extent necessary to guarantee the fundamental protection of due process of law.” (Citations and footnotes omitted; emphasis added.)
It is perhaps important to note here that Sections 5 and 10 of Article V of the Louisiana Constitution indeed limit the jurisdiction of this court on appellate review in criminal cases to questions of law. Yet it has become increasingly clear that the Louisiana Supreme Court adopts the standard set in Jackson, supra. Specifically, in the 1984 case of State v. Matthews, 450 So.2d 644 (La.1984), the Court applied the standard in considering whether a conviction should be overturned for failure to prove that the defendant caused the death of the decedent. Justice Marcus, writing for the court, cited Jackson for its approach in first considering the evidence in the light most favorable to the prosecution and then determining whether a rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt.
Applying this standard to the case before us, we conclude that the evidence amply supports the finding that the defendant’s act caused the death of Walter Dukes. The fact that the defendant shot Dukes twice is unquestioned. Too, the fact that the defendant made no attempt to determine Duke’s condition is unquestioned. Instead, he departed the motel without notifying anyone as to what had occurred.
While it is true that the coroner originally suspected natural cause of death, this opinion was based solely on appearances, and not upon any objective medical evidence. Once the wounds were discovered, he undertook to determine the cause. The subsequent examination included X-rays which revealed gunshot slugs and a partial autopsy which indicated that one of the bullets penetrated the liver and the abdominal cavity was found to be filled with blood. The conclusion of the coroner was that the cause of death was due to shock from blood loss.
The premises considered, we find no merit in this assignment of error.
*346 ASSIGNMENT OF ERROR NUMBER 2:
The defendant assigns as error the trial judge’s failure to find that the shooting was in self-defense.
It is fundamental that the defendant who raises the issue of self-defense does not thereby face a burden of proof, it being the State’s burden to prove that a homicide was not justified. State v. Savoy, 418 So.2d 547 (La.1982).
The trial judge below specifically found that there was no justification for the shooting. Our review then is under a standard similar to the one applied in the above assignment of error. That is relying on Winship and Jackson, supra, our role is to determine, viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found that the shooting was not justified, beyond reasonable doubt. We have no difficulty in so determining.
The defendant shot Mr. Dukes twice with a .25 calibre weapon, after sharing an evening of drinking and socializing which, according to the record, was financed largely by the decedent. The record further indicates that Mr. Dukes’s attitude, while belligerent at times, was charitable and sociable. Moreover, the record clearly establishes that prior to the shooting the defendant told Ms. Haskins that he was going to rob and kill Mr. Dukes.
The record is entirely devoid of any evidence of Mr. Dukes’s possession of a weapon. At no time is it even suggested that he took an aggressive act toward the defendant.
Section 20 of Title 14 of the Louisiana Revised Statutes provides that a homicide is justifiable only if the killing is necessary to protect one’s self from a reasonably believed imminent danger of losing life, or suffering great bodily harm. Nothing in this record, viewing it in favor of the prosecution, or in any other fashion, justifies such a belief.
For the reasons assigned, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Defendant refers to their relationship as common-law spouses.